**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Howard R. Tallman**

| | |
|---|---|
| In re: ) | |
| ) | |
| **KEVIN LEE DOGGETT and** ) | Case No. 09-35061 HRT |
| **JACQUELINE SUZANNE KRIVANEK,** ) | |
| ) | Chapter 13 |
| **Debtors.** ) | |
| ) | |

## ORDER ON THE COURT'S ORDER TO SHOW CAUSE

This matter comes before the Court on the Court's *Order to Show Cause Why the Debtors' Discharge Should Not Be Vacated as Improvidently Granted* (docket #68) (the "Order to Show Cause"). The Court issued its Order to Show Cause because its review of its docket revealed contradictory filings that call into question the propriety of the Court's entry of the Debtors' discharge in this case.

### I. FACTS

The following material facts are derived from the Court's docket and claims register and have not been called into question by the Debtors' response to the Court's Order to Show Cause. Therefore, the Court did not hold a hearing on this matter.

1. The Debtors filed this case under chapter 13 on November 24, 2009.

2. The Debtors' Schedule A lists a personal residence located at 2041 E. 88th Ave., Thornton, Colorado (the "Property"). On their bankruptcy schedules, the Debtors valued the Property at $125,000.00 and they estimated the value of liens against the Property at $169,860.14.

3. On the Debtors' Schedule D, they disclose a debt to American Home Mortgage Servicing in the amount of $135,860.14 as the holder of a first priority deed of trust on the Property. The Court's claims register reflects a claim secured by the Property and filed by American Home Mortgage Servicing, Inc., as agent for Deutsche Bank National Trust Company as Trustee in trust for the benefit of the Certificate holders for Argent Securities Trust 2006-M1, Asset Backed Pass Through Certificates Series 2006-M1 ("Deutsche Bank") (Claim 5-1), in the amount of $147,424.27 with a pre-petition payment arrearage of $14,639.61.

4. The Debtors disclose another debt to Specialized Loan Servicing in the amount of $34,000.00 as the holder of a second priority deed of trust on the Property. The Court's claims register also reflects a claim secured by the Property and filed by Specialized Loan Servicing, LLC, as agent for The Bank of New York as

  Indenture Trustee on behalf of the holders of the Terwin Mortgage Trust 2006-6 Asset-backed Securities Series 2006-6 without recourse (Claim 3-1), in the amount of $34,328.63 with a payment arrearage of $1,097.50.

5. On January 5, 2010, the Debtors filed a Verified Motion to Determine Secured Status (docket #17). The motion named Argent Mortgage Company, LLC, and Specialized Loan Servicing, LLC, as the Respondents and sought to value the second mortgage lien on the Property at $0.00 and to remove the lien following completion of the Debtors' chapter 13 plan. The motion was granted without opposition by the Court's Order (docket #26) on January 27, 2010.

6. Also on January 27, 2010, the Court entered its confirmation order (docket #25) confirming the Debtors' chapter 13 plan dated November 24, 2009 (docket #2) (the "Plan"). The Debtors' confirmed Plan provided for maintenance of regular monthly payments on the first mortgage loan to American Home Mortgage Servicing in the amount of $932.00 monthly in addition to curing a pre-petition payment arrearage in the amount of $10,000.00. The Debtors' confirmed Plan also contained a provision requiring post-confirmation modification of the Plan if necessary to fully provide for allowed priority and secured claims. The Debtors did not seek to modify their Plan to fully provide for the $14,639.61 payment arrearage claimed by American Home Mortgage / Deutsche Bank.

7. Following the completion of the Debtors' payments to the Chapter 13 Trustee under their chapter 13 plan, on January 12, 2015, the Trustee filed her Notice of Final Cure Payment (docket #61) (the "Rule 3002.1 Notice"). Trustee's Rule 3002.1 Notice was served on Deutsche Bank National Trust Co., c/o Ocwen Loan Servicing, LLC, and its counsel and stated that the Trustee had paid the mortgage payment arrearage in the amount of $10.000.00. The Rule 3002.1 Notice directed the mortgage holder to file a statement within 21 days stating whether it agreed that it had received payment of the amount required to cure the pre-petition payment default and whether it agreed that the Debtors were otherwise current on their payment obligations to it with respect to the first mortgage claim.

8. On February 11, 2015, the Debtors filed their Chapter 13 Debtor's Certification to Obtain Discharge Pursuant to 11 U.S.C. § 1328 (docket #62). The Debtors certified, under penalty of perjury, that "We have completed all payments and obligations required by our Chapter 13 Plan."

9. On February 2, 2015, Deutsche Bank timely filed its Statement in Response to Notice of Final Cure Payment (the "Deutsche Bank Statement") (filed as a supplement to its proof of claim). Therein, it stated that Debtors had failed to cure

        the payment default shown on its proof of claim and that the Debtors had failed to maintain post-petition mortgage payments.

10.     Debtors do not dispute the information contained in Deutsche Bank's Statement.

11.     Neither the Trustee nor the Debtors sought a judicial determination, as permitted under Rule 3002.1(h), of whether the Debtors had paid the pre-petition default or had paid post-petition amounts.

12.     On April 30, 2015, the Trustee made an entry upon the Court's docket informing the Court that the Debtors had completed their plan and requesting entry of the Debtors' discharge.

13.     On May 1, 2015, the Court entered the Debtors' discharge (docket #65).

## II. DISCUSSION

The narrow issue before the Court is whether it properly granted the Debtors a discharge under 11 U.S.C. § 1328(a) based upon their certification to the Court that they had "completed all payments and obligations required by [their] Chapter 13 Plan," and upon the Trustee's Statement of Completion with Request for Discharge. The Court concludes that the Debtors did not complete the payments and obligations required of them under their chapter 13 plan and that, under the circumstances, entry of the Debtors' discharge was improper. The Court will vacate the Debtors' discharge.

The provision of the Bankruptcy Code authorizing entry of a discharge in favor of a chapter 13 debtor provides, in relevant part, that

> as soon as practicable after *completion by the debtor of all payments under the plan* . . . the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title . . . .

11 U.S.C. § 1328(a) (emphasis added).

The express predicate for a chapter 13 debtor to be entitled to receive a discharge of debts under § 1328(a) is the "completion by the debtor of all payments under the plan." Here, the Debtors completed all of the payments that their confirmed plan required them to make to the Trustee. But it is undisputed that they did not modify their chapter 13 plan to account for the full pre-petition arrearage reflected in Deutsche Bank's proof of claim and that the Debtors failed to make all of the post-petition payments they were required to make directly under their confirmed plan. That raises the question of what constitutes "payments under the plan" as that term is used in § 1328(a).

ORDER ON THE COURT'S ORDER TO SHOW CAUSE
Case No. 09-35061 HRT

      The Court has had prior occasion to examine the question of whether payments made directly to a creditor pursuant to the terms of a confirmed plan are "payments under the plan" in the case of *Louis Marko Gonzales and Mary Louise Gonzales*, Case No. 09-27194 HRT. There, the Court found that the debtors were not entitled to discharge under § 1328(a) due to their failure to make mortgage payments directly to their mortgage creditor under their confirmed plan.

      A Texas bankruptcy court decided the case of *In re Heinzle*, 511 B.R. 69 (Bankr. W.D. Tex. 2014). There, the trustee had filed a motion to deny discharge and dismiss the debtors' case. The Court held that, where a chapter 13 plan makes provision for direct payments to creditors, those are "payments under the plan." *Id*. at 78. Further, in that case, the court found the debtors to be in material default under their plan and ordered that the case be dismissed subject to an opportunity to convert their case to chapter 7 prior to the dismissal becoming effective. *Id*. at 83.

      All courts that have examined the question of whether payments required to be made directly to creditors under a confirmed chapter 13 plan are "payments under the plan," as that term is used in § 1328(a), have answered the question in the affirmative. *See, e.g., In re Perez*, 339 B.R. 385, 390 n.4 (Bankr. S.D. Tex. 2006) *aff'd sub nom. Perez v. Peake*, 373 B.R. 468 (S.D. Tex. 2007) ("The term 'under the plan' properly refers to any payment made pursuant to the provisions of a Chapter 13 plan, regardless of whether such payment is made through the trustee or by a debtor directly to a creditor."); *In re Russell*, 458 B.R. 731, 739 (Bankr. E.D. Va. 2010) ("[B]ecause payments are not being made through the trustee does not mean they are not being made 'under' the plan."). The Court has located no authority taking a contrary position.

      In short, the Court finds no authority – nor have the parties cited the Court to any – to suggest a cogent argument that payments to be made directly to a creditor, pursuant to the terms of a confirmed plan, are not "payments under the plan" as that term is used in 11 U.S.C. § 1328(a). A discharge under § 1328(a) requires completion of all "payments under the plan" and that language plainly embraces payments that a plan provides will be made directly by the debtor to a creditor.

      Because the Debtors did not successfully complete the payments under their Plan, they have not satisfied the requirement for granting a discharge under § 1328(a). Moreover, the Debtors have applied to the Court for an order extinguishing the second mortgage lien on their Property based on their materially false statement that they had completed all of their obligations under their confirmed Plan.

      In addition to the fact the Debtors are not entitled to a § 1328(a) discharge where they have not complied with their chapter 13 Plan, the existence of the § 506 motion requires the Court to vacate the Debtors' § 1328(a) discharge. Where, as here, the Debtors have not complied with the terms of their confirmed Plan, they cannot retain the benefit of lien avoidance predicated on plan completion. That is relief that is ancillary to the discharge of debts and it is relief to which the Debtors are not entitled.

ORDER ON THE COURT'S ORDER TO SHOW CAUSE
Case No. 09-35061 HRT

### III. CONCLUSION

For the reasons stated above, the Court finds that the Debtors were not entitled to entry of a discharge in this case and, therefore, it is

**ORDERED** that the Court's *Discharge of Debtor after Completion of Chapter 13 Plan* (docket #65) is hereby VACATED.

Dated this ___6th___ day of July, 2015.

BY THE COURT:

*Howard Tallman*

Howard R. Tallman, Judge
United States Bankruptcy Court